IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                           Case No. 1:15-cr-3394-WJ

FIDAL ABDELJAWAD, and
ASHLEY WATSON (a.k.a. "Lisa Pena"),

      Defendants.

## MEMORANDUM ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY, OR IN THE ALTERNATIVE, FOR A DAUBERT HEARING

This matter comes before the Court on Defendants' Joint Motion to Exclude Proposed Expert Testimony, or in the Alternative, for a Daubert Hearing, filed March 17, 2017 (**Doc. 66**). Having considered the parties' written and oral arguments and the applicable law, the Court finds that Defendants' Motion is well-taken in part and not well-taken in part and, therefore, is **GRANTED in part** and **DENIED in part.**

### BACKGROUND

The pertinent background facts are set forth in the Government's brief (Doc. 67). The Indictment charges Defendants Fidal Abdeljawad and Ashley Watson (a.k.a. "Lisa Pena") with Conspiracy in violation of 21 U.S.C. § 846; Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C); and Aiding and Abetting in violation of 18 U.S.C. § 2.

The Government filed its Notice of Prospective Witnesses on February 10, 2017 (Doc. 64). The Government identifies DEA Special Agent Jeffrey McKinley ("Agent McKinley"), one of the DEA agents assigned to this case, to testify regarding, among other topics, "the judicially

authorized interception of wire and electronic communications to and from telephone number 505-870-2105, the authentication of pertinent intercepted communications, [and] the interpretation of coded and abstract language in intercepted communications." Agent McKinley is also expected to testify regarding the progression of the DEA investigation into Defendants and the search and seizure of the synthetic cannabinoids. The Government has not formally identified that it plans to call Agent McKinley as an expert witness, though the Government states it sent an e-mail to defense counsel on September 9, 2016, in which the Government advised it planned to call Agent McKinley to testify as a lay witness but that Agent McKinley's testimony also falls within the ambit of Rule 702 to the extent it involves special skill, training, or specialized knowledge.

Defendants ask the Court to prohibit the Government from introducing Agent McKinley's testimony regarding the meaning of drug code words. The government responds that Agent McKinley's testimony regarding drug coded communications is admissible under Rules 701 and 702, and the probative value of the testimony outweighs any unfair prejudice or confusion.

**LEGAL STANDARD**

Federal Rule of Evidence 701 allows a lay witness to provide opinion testimony when the testimony is:

(a)  rationally based on the witness's perception;
(b)  helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c)  not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

2

Fed. R. Evid. 701.  Alternatively, Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  "[K]nowledge derived from previous professional experience falls squarely within the scope of Rule 702 and thus by definition outside of Rule 701." *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1215 (10th Cir. 2011) (quoting *United States v. Smith*, 640 F.3d 358, 365 (D.C. Cir.2011)).

"Both Federal Rules of Evidence 701 and 702 distinguish between expert and lay testimony, not between expert and lay witnesses. Indeed, it is possible for the same witness to provide both lay and expert testimony in a single case." *United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002).

## DISCUSSION

### I.     Rule 701

First, Defendants state the Government failed to identify Agent McKinley as an expert, thus he may only testify as a lay witness under Rule 701.  Defendants argue Agent McKinley's testimony cannot be offered as lay opinions under Rule 701 because the testimony would not be based on his perception.  Defendants essentially state that the only way Agent McKinley's testimony may properly be admitted is under Rule 702.

The Government responds that while Agent McKinley's training and experience informed his investigation in this matter, his interpretation of Defendants' coded

3

communications is rationally based upon facts and information known to him as one of the lead investigators in this particular case and is therefore admissible under Rule 701. Though Agent McKinley knows from his training and experience as a DEA agent that drug traffickers often use abstract and coded language to mask their criminal activities, his understanding of the veiled meanings of Defendants' intercepted communications is grounded upon his knowledge of the facts of this specific case. While law enforcement agents may testify under Rule 702 regarding defendants' use of coded language, a lay witness may properly testify about the meaning of drug code words when the witness is extensively involved in the underlying investigation. *See United States v. Akins*, 746 F.3d 590, 599 (5th Cir. 2014) ("[W]e have recognized that testimony about the meaning of drug code words can be within the proper ambit of a lay witness with extensive involvement in the underlying investigation."); *See also United States v. Cheek*, 740 F.3d 440, 447–48 (7th Cir. 2014); *United States v. Haines*, 803 F.3d 713, 726–33 (5th Cir. 2015); *United States v. Vera*, 770 F.3d 1232, 1242-43 (9th Cir. 2014); *United States v. Jayyousi*, 657 F.3d 1085, 1102–04 (11th Cir. 2011).

The Court concludes Agent McKinley may testify under Rule 701 based on his personal knowledge of and participation in the DEA investigation into Defendants' alleged conduct. The Court also finds Agent McKinley's testimony under Rule 701 would assist the jury in understanding the evidence in this case. Testimony regarding the meanings of coded words in this case, such as "candy" and "coffee" is not based on specialized knowledge, but rather is based on Agent McKinley's personal knowledge derived from his investigation of Defendants conduct and his extensive interception of Defendants' communications.

Agent McKinley participated in surveillance, seizures, and debriefings of coconspirators and he reviewed thousands of intercepted communications in this particular investigation. He

was one of the DEA agents who conducted the preceding investigation of synthetic cannabinoid trafficking in Albuquerque, and he was one of two agents appointed to lead the renewed investigation when DEA learned in the fall of 2014 that Mr. Abdeljawad had resumed trafficking in synthetic cannabinoids.  Through his investigation, Agent McKinley acquired knowledge of Defendants' alleged criminal enterprise and their use of veiled language when discussing their alleged criminal activities in telephone calls and text messages.  Specifically, Agent McKinley's knowledge of the investigation enabled him to decipher Defendants' coded communications as demonstrated by his interception of a synthetic cannabinoid shipment in February 2015.  Therefore, the Court concludes that Agent McKinley's testimony regarding drug code communications is not based on specialized knowledge within the ambit of Rule 702, but is based on his personal knowledge in the context of this case.

The Court notes that Rule 701 does not preclude the ability of a lay witness to testify based on particularized knowledge acquired through personal experiences.  *See* Rule 701 Committee Note (2000).  For example, in the civil context it is appropriate and even common for a treating physician to testify as a fact witness regarding his or her particular treatment of a patient.  The physician is not testifying as an expert, but rather is providing opinion testimony based on his or her specific perceptions of the patient being treated.

There is ample support from other jurisdictions allowing lay testimony regarding drug code communications under circumstances analogous to those here, and the Court finds these decisions to be significantly persuasive.  For example, in *Haines*, the Fifth Circuit held when "an agent's extensive participation in the investigation of [the] conspiracy, including surveillance ... and the monitoring and translating of intercepted telephone conversations, allow[s] him to form opinions concerning the meaning of certain code words used in this [specific] drug ring based on

his personal perceptions, lay opinion testimony is proper." *Haines*, 803 F.3d at 729 (citation and quotation marks omitted) (alteration in original). *See also Vera*, 770 F.3d at 1242–43 (quoting *United States v. Freeman*, 498 F.3d 893, 904–05 (9th Cir. 2007)) ("Accordingly, an officer may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements. But he may interpret 'ambiguous conversations based upon his direct knowledge of the investigation,' including his 'direct perception of several hours of intercepted conversations ... and other facts he learned during the investigation.'").

In *Haines*, a DEA case agent testified as a lay witness as to the meaning of specific words and terms the defendants used in their intercepted communications, "but not necessarily in the drug trade generally." *Id.*[1] The court explained "[t]his testimony was not based on [the agent's] expertise with the drug trade writ large [sic]; rather, this testimony is based on his familiarity with this particular case." *Id.* (alterations added). This type of testimony provides the jury with "relevant factual information about the investigation." *Id.* (quoting *United States v. Miranda*, 248 F.3d 434, 441 (5th Cir. 2001)).

In this case, Agent McKinley knew that "coffee" referred to synthetic cannabinoids not because of any specialized knowledge but because he heard the word used on the Defendants' phone conversations or he read it in Defendants' text messages and his understanding of the communications ultimately led him to intercept a large synthetic cannabinoid shipment in February 2015. Agent McKinley also was able to understand what other seemingly innocuous words meant in the context of this investigation such as "candy," "lettuce," and "onions." Based on his knowledge of the investigation into Defendants' conduct, as well as his personal

---

[1] In *Haines*, the agent testified as an expert in drug coded communications under Rule 702 in addition to his role as the case agent. The court held the district court committed harmless error in some instances during trial because it did not adequately differentiate between the agent's lay and expert testimony. *See* 803 F.3d at 732. In this case, the government does not seek to introduce Agent McKinley as an expert. *See infra* § II.

6

impressions of the phone calls he heard and the text messages he reviewed, Agent McKinley was able to glean that those types of words were used to refer to different aspects of synthetic cannabinoids. This type of testimony is lay testimony under Rule 701 because it is based on Agent McKinley's direct perceptions and involvement in this investigation. *See Haines*, 803 F.3d at 730. Moreover, Agent McKinley's interpretation of ambiguous statements such as "birds are not eating the lettuce because of the onion's flavor" (Doc. 67 at 8) would significantly aid the jury because such a statement would not be within the common knowledge of jurors and actually would make little sense to the jurors. *See* Fed. R. Evid. 701. Therefore, Agent McKinley may testify as to his lay opinions regarding the meaning of drug code words used in this investigation for which he was a lead DEA investigator. Counsel for the Government shall ensure that Agent McKinley's testimony is limited to his perceptions of the communications in *this case only*.

## II.  Rule 702

Second, Defendants argue Agent McKinley's testimony is inadmissible under Rule 702 because the Government has not provided sufficient information regarding the bases for his opinions and has not provided his curriculum vitae. The Defendants further argue the Government has not shown Agent McKinley's testimony will aid the jury in understanding the evidence, and the Government has not established the reliability of Agent McKinley's testimony. Moreover, Agent McKinley's expert testimony may actually confuse the jury because he was one of the lead investigative agents in this case.

The Government responds that Agent McKinley's testimony is admissible under Rule 702, in addition to Rule 701, based on his experience as a DEA agent and in particular his extensive background investigating synthetic cannabinoid distribution enterprises. *See Caballero*, 277 F.3d at 1247 ("Indeed, it is possible for the same witness to provide both lay and

expert testimony in a single case."). The Government does not ask the Court to formally designate Agent McKinley as an expert in the area of coded drug language, but the Government does contend that Agent McKinley's testimony *may* involve specialized knowledge subject to Rule 702, and his experience and training satisfy the prerequisites of that rule.

The Court agrees with Defendants that Agent McKinley may not properly testify as an expert witness in this case when the Government has not formally designated Agent McKinley as an expert pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). Though counsel for the Government states that it notified defense counsel in an e-mail of its plans to call Agent McKinley under Rule 702 should the need arise, the Government did not properly designate him under Rule 16(a)(1)(G). Moreover, the Government has not provided Agent McKinley's curriculum vitae or the bases for any expert opinions Agent McKinley would be expressing at trial. Although the Court finds it is proper for an expert to testify as to the meanings of drug code words[2], the Government did not follow the steps in this case for disclosing Agent McKinley as an expert witness and in fact the Government states it does not plan to formally designate him as an expert. Therefore, Defendants' Motion is granted in that the Government may not call Agent McKinley to testify as an expert under Rule 702.

### III.   Rule 403

Finally, Defendants contend Agent McKinley's testimony would be unfairly prejudicial and confusing under Rule 403[3] because he was a lead DEA agent assigned to investigate this case. Defendants also maintain that Agent McKinley's testimony would confuse the jury

---

[2] Courts recognize that "drug dealers often camouflage their discussions and that expert testimony explaining the meanings of code words may 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *United States v. Dukagjini*, 326 F.3d 45, 52 (2d Cir. 2003) (quoting Fed. R. Evid. 702); *See also United States v. Quintana*, 70 F.3d 1167, 1171 (10th Cir. 1995)).

[3] Testimony "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

8

because much of the language on the intercepted communications does not involve coded communications and Mr. Abdeljawad in fact sold items such as coffee and candy at the legitimate store he operated.

Defendants cite *United States v. Dukagjini*, 326 F.3d 45, 56 (2d Cir. 2003), for the proposition that a case agent's testimony is unduly prejudicial when the agent testifies as an expert witness. In *Dukagjini* the Second Circuit did explain there is a "heightened risk of allowing case agents to testify as experts." *Id.* However, the concerns articulated in *Dukagjini* are not present here simply because the Court has already found that Agent McKinley may not testify in this matter as an expert witness, and the Government states that it does not plan to formally designate Agent McKinley as an expert.[4] Thus, as the Government appropriately points out, the jury will not have to sift through what is Agent McKinley's expert testimony versus what constitutes his lay testimony.

The Court rejects Defendants' contention that Agent McKinley's testimony is unfairly prejudicial simply because he was one of the DEA agents involving in investigating this matter. The probative value of the testimony outweighs any potential confusion or prejudice to the Defendants. Agent McKinley's testimony will significantly aid the jurors in understanding much of the evidence in this case because he will explain the relevancy and meaning of Defendants' ambiguous and coded communications. Without Agent McKinley's testimony regarding the code meanings of these words, the Court finds there is a substantial likelihood the jury would be confused. This is especially true when Agent McKinley's understanding of code words used in this case, such as "coffee," enabled him to orchestrate the interception of a shipment containing distribution quantities of synthetic cannabinoids in February 2015.

---

[4] The Second Circuit did not categorically prohibit the use of case agents testifying as experts. *See Dukagjini*, 326 F.3d at 56.

With regards to any prejudice the testimony might pose to Defendants, its probative value far outweighs its potential for unfair prejudice.  Moreover, evidence is not unfairly prejudicial simply because it is damaging to Defendant's case.  *U.S. v. Martinez,* 938 F.2d 1078, 1082 (10th Cir. 1991).

Therefore, Defendants' Joint Motion to Exclude Proposed Expert Testimony (**Doc. 66**) is **GRANTED in part and DENIED in part**.  The Motion is **GRANTED** in that Agent McKinley may not provide expert opinion testimony under Rule 702 regarding drug code generally because the Government did not properly designate Agent McKinley as an expert witness and the Government states it does not ask to formally designate him as such.  The Motion is **DENIED** in that Agent McKinley may provide lay opinion testimony under Rule 701 limited to his personal perceptions of the investigation and intercepted communications in this matter only.  Such testimony is not unfairly prejudicial under Rule 403.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE