**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
———————————————

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                      Case No. 1:15-cr-3394-WJ

FIDAL ABDELJAWAD, and
ASHLEY WATSON (a.k.a. "Lisa Pena"),

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>GRANTING GOVERNMENT'S MOTION IN LIMINE</u>**

THIS MATTER comes before the Court upon the Government's Motion in Limine to Conditionally Bar Defendants' From Eliciting Testimony or Offering Evidence of Their Own Out-Of-Court Statements, filed April 7, 2017 **(Doc. 68).** Having reviewed the parties' briefs and applicable law, the Court finds that: (1) statements made by either Defendant are not hearsay and are admissible under Fed.R.Evid.803(d)(2)(A); (2) statements from conversations and texts between Defendant Abdeljawad and Defendant Watson are admissible as co-conspirator statements under Rule 803(d)(2)(E); and (3) statements made by Defendant Abdaljawad's brother concerning Defendant's Spice-dealing activities are being offered for a non-hearsay purpose and are therefore admissible, subject to a limiting instruction as to Defendant Watson.

**BACKGROUND**

The Indictment charges Defendants Fidal Abdeljawad and Ashley Watson (a.k.a. "Lisa Pena") with Conspiracy in violation of 21 U.S.C. § 846; Possession with Intent to Distribute

Controlled Substances in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C); and Aiding and Abetting in violation of 18 U.S.C. § 2.

The Government's motion seeks two forms of relief. First, the Government seeks to preclude Defendants from eliciting testimony or offering evidence of their own out-of-court statements without a prior ruling on the admissibility of those statements from the Court. However, Defendants state that they do not intend to elicit any such statements or evidence and thus this issue is moot.

Second, the Government seeks to introduce Defendants' intercepted phone calls and/or text messages under Fed.R.Evid. 802(d)(2)(E) with individuals other than the Defendants themselves and/or the Government's cooperating witness. While Defendants do not oppose the admission of statements between Defendants themselves, they *do* oppose the admission of statements between Abdeljawad and other individuals who are not expected to testify at trial.

### DISCUSSION

There are over 70 conversations/texts which the Government wishes to have admitted under Rule 801(d)(2)(E) as co-conspirator statements. Most of these are contained in Doc. 67, which is the response to Defendant's motion in limine to exclude expert testimony. The Court held a *James* hearing in order to determine the admissibility of these statements, during which the Government proffered the statements it wished to admit in three separate categories:[1] (1) statements made in conversations between Defendants Abdeljawad and Watson; (2) statements made by Defendant Abdeljawad's brother; and (3) statements made by either Defendant. Before deciding whether these coconspirators as non-hearsay pursuant to Fed.R.Evid. 801(d)(2)(E), the Court must conduct a separate inquiry under this Rule to determine that:

---

[1] At the hearing, the Government also tendered an exhibit containing an index and collection of statements for demonstrative purposes only. This exhibit was not offered for admission.

(1) by a preponderance of the evidence, a conspiracy existed,
(2) the declarant and the defendant were both members of the conspiracy, and
(3) the statements were made in the course of and in furtherance of the conspiracy.

*U.S. v. Owens,*  70 F.3d 1118, 1123-24 (10th Cir. 1995) (citing *U.S. v. Urena*, 27 F.3d 1487, 1490 (10th Cir.)) (quoting *U.S.  v. Johnson*, 911 F.2d 1394, 1403 (10th Cir.1990), cert. denied, 498 U.S. 1050, 111 S.Ct. 761, 112 L.Ed.2d 781 (1991)), cert. denied, —— U.S. ——, 115 S.Ct. 455, 130 L.Ed.2d 364 (1994).

The Court finds, based upon a preponderance of the evidence standard, that the United States has established that a conspiracy existed.

The Confrontation Clause does not require a court to embark on an "independent inquiry" into the reliability of statements that satisfy the requirements of Rule 801(d)(2)(E) because there is a "long tradition" of co-conspirator's out-of-court statements "being outside the compass of the general hearsay exclusion." *Bourjaily v. U.S.*, 483 U.S. 171, 184 (1987).  In fact, a district court may consider the proffered hearsay statements in determining the existence of a conspiracy and defendant's participation in it.  *Id.* at 178.  However, under Tenth Circuit precedent, the Government must produce some "independent evidence linking the defendant to the conspiracy." *U.S. v. Martinez,* 825 F.2d 1451, 1453 (10th Cir. 1987) ("independent evidence" is "evidence other than the profferred [coconspirator]statements themselves"); *U.S. v. Busch,* 758 F.2d 1394, 1397 (10th Cir. 1985) ("The general rule is that the utterances and acts of one conspirator are admissible against a co-conspirator, even though the latter was not present at the time of the act or utterances, if there be evidence, independent of the utterances or acts themselves, which shows the existence of a conspiracy").[2]

---

[2]  In this case, "independent evidence" of the conspiracy can be found based on the execution of the search warrant at Sean's Smoke Shop, from which Defendant Abdeljawad allegedly sold controlled substances.  The search yielded multiple packets of synthetic cannabinoids, bundles of currency and a handgun.  *See* Doc.67.  In addition, search of a storage locker uncovered additional packets of synthetic cannabinoids.  *Id.*

In this Circuit, it is strongly preferred that the district court make these findings by conducting a *James* hearing outside the presence of the jury to determine whether the predicate conspiracy existed.  *U.S. v. Urena,* 27 F.3d 1487, 1491 (10th Cir. 1994) (citing *U.S. v. James,* 590 F.2d 575 (5th Cir. 1979)); *Owens,* 70 F.3d at 1124; *U.S. v. Gonzales-Montoya*, 161 F.3d 643, 648 (10th Cir. 1998) ("[W]e take this opportunity to reiterate our strong preference for James proceedings where the government relies on coconspirator statements.").

I.      **Statements Between Defendants**

Defendants do not contest the admissibility of statements made in intercepted calls and texts between the Defendants, and the Court agrees that these statements satisfy the requirements of Fed.R.Evid. 801(d)(2)(E) in that Defendants were both members of the conspiracy and the statements were made in the course of and in furtherance of the conspiracy.

II.     **Statements made by Defendant Abdeljawad's Brother**

In another category of calls identified by the Government, Defendant Abdeljawad's brother had conversations with Defendant, urging Defendant to stop selling "Spice" and to do something legitimate and decent.  The brother warned Defendant about the possible consequences of continuing these activities, such as a search of his house.  The Government contends that these statements are non-hearsay because they are not being offered for their internal truth, but rather go to Defendant's knowledge.  The Court agrees that these statements are being offered for a non-hearsay purpose and can be used to show that Defendant Abdeljawad was on notice and had knowledge that he was dealing in some kind of controlled substance.

The Court also agrees with the parties that the statements in these calls cannot be attributed to Defendant Watson's conduct, and so limiting instructions are necessary, specifically for calls 9926 and 10501.

## III.    Defendant's Own Statements

A defendant's own statements need no particular vetting for constitutional purposes, since they are not hearsay under Fed.R.Evid.801(d)(2)(A), as a party admission. *See U.S. v. Townley,* 472 F.3d 1267 (10th Cir. 2007) (tape-recorded conversations between defendant and two individuals were admissible in defendant's drug conspiracy prosecution, since individuals testified at trial and were available for cross-examination regarding their statements); *U.S. v. Busch*, 758 F.2d 1394, 1397 (10th Cir. 1985) (defendant's own tape-recorded utterances were his own admissions, and thus defendant was "in no position to complain about the admission into evidence of transcripts of statements which he himself made. . . ."). Therefore, statements made by Defendant Abdeljawad and Defendant Watson are admissible and non-hearsay under Rule 801(d)(2)(A).

Defendant Watson submits that she is entitled to a limiting instruction as to statements made by Defendant Abdeljawad, but there is no legal basis for that request. As discussed previously, Defendant Abdeljawad is an alleged co-conspirator and his statements are non-testimonial and were made during and in furtherance of the conspiracy. Thus, the Government may offer his statements against Defendant Watson—and vice versa as to Defendant Watson's statements. There is also no significance to the fact that only Defendant Abdeljawad's phone was intercepted. Defendants have not offered, nor is the Court aware of, limitations to the admission of co-conspirator statements based on whose phone was intercepted.

## IV.    Other Co-Conspirators

At the hearing, the Government clarified that other than Defendants, only two other individuals were identified as co-conspirators: Imad Qattawi and Saleem Salam, both of whom were suppliers of synthetic cannabinoids to Defendant Abdeljawad. In some of these

conversations, Salam asks Defendant Abdeljawad for money in what appears to be coded language, and the Government offers these statements as indicating evidence of an agreement between the two, even if the statements are not admissible under Rule 802(d)(2)(E). DEA Special Agent ("SA") Jeffrey McKinley, one of two agents who led the investigation in this case, was present but did not testify at the hearing.  The Government's brief states that SA McKinley is prepared to testify that Salam was a distributor of synthetic cannabinoids.

Some of the statements the Government seeks to admit are calls from Qattawi to Abdeljawad in which Qattawi tries to enlist Watson into receipt of shipments of synthetic cannabinoids.  The Government considers these statements to be co-conspirator statements under Rule 803(d)(2)(E) as well as non-hearsay offered to show that an agreement was being laid out.

The Government also describes still other conversations between Defendant Abdeljawad and customers (as opposed to co-conspirators).  The Court agrees with the Government that statements made by these other individuals may be offered for context in order to lend some intelligibility to Defendant's statements and are not precluded by the hearsay rule because they are not offered for their internal truth.  *See M.F. Patterson Dental Supply Co. v. Wadley,* 401 F.2d 167, 172 (10th Cir.1968) ("It is well settled that testimony is not hearsay when it is offered to prove only that a statement was made and not the truth of the statement.").

**THEREFORE,**

**IT IS ORDERED** that the Government's Motion in Limine to Conditionally Bar Defendants' From Eliciting Testimony or Offering Evidence of Their Own Out-Of-Court Statements **(Doc. 68)** is hereby GRANTED in that:

(1) statements made by either Defendant are not hearsay and are admissible under Fed.R.Evid.803(d)(2)(A);

(2) statements from conversations and texts between Defendant Abdeljawad and Defendant Watson are admissible under Rule 803(d)(2)(E); and

(3) that statements made by Defendant Abdaljawad's brother concerning Defendant's Spice-dealing activities are being offered for a non-hearsay purpose and are therefore admissible, subject to a limiting instruction as to Defendant Watson as to calls 9926 and 10501.

**IT IS FURTHER ORDERED** that statements made by Imad Qattawi and Saleem Salam are admissible under Rule 803(d)(2)(E), and would also be admissible as non-hearsay to show formation of a plan or agreement; and that statements by other individuals for the purpose of lending context to Defendant Abdeljawad's statements are admissible as non-hearsay.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE